**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

In re:

Christopher W. Straka
& Kathleen M. Straka,

           Debtors

Chapter 13
Case No. 14-10611

**ORDER GRANTING IN PART THE FIRST APPLICATION OF
JEFFREY P. WHITE AND ASSOCIATES, P.C.
FOR COMPENSATION OF LEGAL SERVICES**

This matter is before the Court on the First Application of Jeffrey P. White and Associates, P.C. ("JPWA") for Compensation of Legal Services [Dkt. No. 97] and the supplement thereto [Dkt. No. 108]. After an initial hearing on the fee application on June 28, 2018, [Dkt. No. 104], the Court issued an order directing the trustee to pay JPWA $5,000.00 on account of the fees and expenses described in the fee application, permitting JPWA to supplement the fee application, and granting the trustee additional time to respond to any such supplement [Dkt. No. 106]. The trustee then filed a detailed objection to the supplemental fee application. [Dkt. No. 112.] After a continued hearing on the fee application on August 2, 2018, the Court took the matter under advisement. [Dkt. No. 114.]

At the outset of this chapter 13 case, the debtors' counsel certified that he had agreed to accept $3,000.00 as compensation for services rendered or to be rendered on behalf of the debtors in contemplation of or in connection with their case, and that he had received a retainer covering that agreed fee. [Dkt. No. 1.] Later, counsel certified that he had received a retainer of $3,281.00. [Dkt. No. 5.] He also indicated that the debtors' plan would include an administrative reserve of not less than $6,000.00 to cover additional fees and costs. Id. Now,

nearing the end of the case, counsel seeks more than $24,500 in fees and expenses. [Dkt. No. 108.] In an effort to justify this request, counsel points to certain developments in the case that he contends were not capable of being anticipated at the outset. Specifically, Mr. Straka inherited certain property, including an IRA, from a stepparent after confirmation. That inheritance necessitated a certain amount of motion practice, including a motion to modify the plan and several motions seeking authority to take annual required minimum distributions. There were also certain tax issues relating to a corporation owned by Mr. Straka that had ceased doing business prior to the chapter 13 filing. This case involved a few wrinkles that are not encountered in a routine chapter 13 case.

A lawyer cannot be expected to foresee every potential complication in a case and there will undoubtedly be cases where unforeseen developments lead to more work—and thus more fees—than originally anticipated. To a certain extent, this is one of those cases. However, the Court is not persuaded that the specific amount requested ($24,552.60) is justified under 11 U.S.C. § 330.

**A.    Fees**

Certain entries in the supplement to the fee application lack sufficient detail for the Court to assess the reasonableness of the services rendered. The vague entries include:

| Date | Professional Services | Hours/Rate | Amount |
| --- | --- | --- | --- |
| 2/13/2014 | Conference with MW re: input issues | 0.4 $280.00/hour | $112.00 |
| 2/14/2014 | Conference with MW re: input issues; review file | 0.9 $280.00/hour | $252.00 |
| **Total** | | **1.3 hours** | **$364.00** |

The supplement to the fee application contains a request for compensation for JPWA's work on an amendment to the debtors' plan in October 2014. The related entries are:

| Date | Professional Services | Hours/Rate | Amount |
|---|---|---|---|
| 10/24/2014 | Review plan and objections/comments made by the Trustee | 0.2 $280.00/hour | $56.00 |
| 10/24/2014 | Review status of payments and claims docket | 0.3 $280.00/hour | $84.00 |
| 10/24/2014 | Calculate how to amend plan to meet new obligations | 0.5 $280.00/hour | $140.00 |
| 10/24/2014 | Revise plan | 0.5 $280.00/hour | $140.00 |
| 10/24/2014 | Review revised plan with client | 0.2 $280.00/hour | $56.00 |
| 10/24/2014 | Further revision of plan | 0.2 $280.00/hour | $56.00 |
| 10/24/2014 | Review final revision of plan with client | 0.1 $280.00/hour | $28.00 |
| **Total** | | **2.0 hours** | **$560.00** |

The Court has compared the debtors' original chapter 13 plan [Dkt. No. 6] with the amended plan filed on October 26, 2014 [Dkt. No. 24], and determined that the amendments related to the debtors' payment schedule and plan base, the amounts of administrative claims, and the addition of three claims that were included in the debtors' schedules but inexplicably omitted from their original plan. Given the nature of these amendments, the Court agrees with the trustee's assertion that it was neither reasonable nor necessary for counsel to spend two hours working on the amended plan.

JPWA continues to charge in the minimum 0.1-hour increment for tasks that take only a few seconds to complete and that do not involve any legal judgment or skill. This Court has made this observation with respect to JPWA in the past. *See, e.g.,* In re Morin, No. 16-20271, 2017 WL 83348, at **1-2 (Bankr. D. Me. Jan. 3, 2017) (disallowing compensation for certain tasks that could not have taken much time and did not require the exercise of legal skill or judgment). In this case, examples of this type of billing include:

| Date | Professional Services | Hours/Rate | Amount |
|---|---|---|---|
| 1/9/2015 | Review Trustee consent to order of confirmation | 0.1 $280.00/hour | $28.00 |

| Date | | Hours/Rate | Amount |
|---|---|---|---|
| 9/16/2015 | Review Trustee consent to form of order on Motion to Allow and Disallow Claims | 0.1 $280.00/hour | $28.00 |
| 10/24/2016 | Review notice of appearance by Toyota | 0.1 $300.00/hour | $30.00 |
| 11/16/2016 | Review trustee consent to filed order | 0.1 $300.00/hour | $30.00 |
| **Total** | | **0.4 hours** | **$116.00** |

JPWA also continues to charge attorney or paralegal rates for work that could be performed by a legal assistant. This Court has previously disallowed similar requests for compensation by JPWA and others. *See, e.g.,* In re Abbott, No. 11-10059, 2016 WL 1643861, at *2 (Bankr. D. Me. Apr. 22, 2016). In this case, examples of this type of billing include:

| **Date** | **Professional Services** | **Hours/Rate** | **Amount** |
|---|---|---|---|
| 12/26/2014 | File amended schedules I and J | 0.2 $75.00/hour | $15.00 |
| 4/7/2015 | File certification of tax return transmission with court | 0.1 $75.00/hour | $7.50 |
| 10/2/2015 | File revised Order on MA[D]C | 0.2 $75.00/hour | $15.00 |
| 5/2/2016 | File Motion to Modify Plan and set for hearing | 0.3 $90.00/hour | $27.00 |
| 6/15/2016 | File notification of tax return submission with the court | 0.1 $90.00/hour | $9.00 |
| 11/16/2016 | File proposed order on Motion to Modify | 0.2 $90.00/hour | $18.00 |
| 12/28/2016 | File motion to withdraw [from] inherited IRA | 0.1 $300.00/hour | $30.00 |
| 12/11/2017 | File notice of tax transmission to trustee with the court | 0.1 $90.00/hour | $9.00 |
| 12/11/2017 | File response to trustee objection to IRA withdrawal with the court | 0.1 $90.00/hour | $9.00 |
| 3/18/2018 | File motion to borrow from 401k and set same for hearing | 0.1 $90.00/hour | $9.00 |
| 5/25/2018 | File Notice of Final Cure and Cos with the Court | 0.2 $90.00/hour | $18.00 |
| 5/25/2018 | File and set for hearing request for discharge and final fee app | 0.3 $90.00/hour | $27.00 |
| 5/25/2018 | File motion to strip liens and motion to avoid judgment liens and set[]for hearing | 0.3 $90.00/hour | $27.00 |
| **Total** | | **2.2 hours** | **$220.50** |

In this case, JPWA spent an excessive amount of time on certain routine tasks that could have been accomplished, for the most part, with the use of prescribed forms. For example, on March 18, 2018, counsel made a dozen discrete billing entries all related to preparation of a request for a discharge under 11 U.S.C. § 1328(a):

| Date | Professional Services | Hours/Rate | Amount |
|---|---|---|---|
| 3/18/2018 | Draft request for discharge | 0.4 $300.00/hour | $120.00 |
| 3/18/2018 | Draft proposed order on request for discharge | 0.1 $300.00/hour | $30.00 |
| 3/18/2018 | Draft proposed order of discharge and NOH | 0.2 $300.00/hour | $60.00 |
| 3/18/2018 | Draft letter to clients enclosing and explaining request for discharge | 0.2 $300.00/hour | $60.00 |
| 3/18/2018 | Draft email to client attaching request for discharge docs | 0.1 $300.00/hour | $30.00 |
| 3/18/2018 | Review file for status of tax return filings; Draft email to Chris requesting copy of 2017 taxes | 0.2 $300.00/hour | $60.00 |
| 3/18/2018 | Review file in preparation to close out case | 0.1 $300.00/hour | $30.00 |
| 3/18/2018 | Review order confirming plan in preparation to close out case | 0.1 $300.00/hour | $30.00 |
| 3/18/2018 | Review order on MADC in preparation to close out case | 0.2 $300.00/hour | $60.00 |
| 3/18/2018 | Review schedules in preparation to close out case | 0.2 $300.00/hour | $60.00 |
| 3/18/2018 | Review file to make sure all taxes have been filed in prep to close out case | 0.1 $300.00/hour | $30.00 |
| 3/18/2018 | Review public records to make sure no lien avoidance or other pre[-]discharge issues are outstanding | 0.3 $300.00/hour | $90.00 |
| **Total** | | **2.2 hours** | **$660.00** |

It appears that JPWA has adopted a practice of recording separate time entries, using a minimum billing increment, for related tasks. Perhaps this practice evolved out of a desire to avoid a billing practice known as "lumping." Without question, lumping of time entries is disfavored. Lumping time entries makes it impossible for a reviewer to ascertain whether a reasonable amount of time was spent on a particular task. But, at the other end of the spectrum, is the

practice of breaking a task down into granular parts and then recording a minimum billing increment for each separate part.  The net effect of that practice is an unreasonable fee, even if every one of the services, by itself may have been, reasonable and necessary.

JPWA also spent an excessive amount of time working on a motion to modify the debtors' plan to account for Mr. Straka's inheritance.  That work amounted to at least 12.3 hours expended between November 2015 and November 2016, including time spent preparing for and attending four separate hearings.  Although the issues raised by the inheritance were not run-of-the-mill, they could have reasonably been addressed in a more efficient manner.  For example, counsel had knowledge of those issues for more than five months before he filed the motion to modify and should have been prepared to provide the trustee with the information that he would have expected the trustee to request.  Those preparations were not undertaken, and counsel did not move to continue any of the unproductive hearings that followed as a result.  This type of inefficiency is neither acceptable nor compensable under 11 U.S.C. § 330(a).

**B.     Expenses**

JPWA seeks reimbursement of $12.00 for an expense incurred on December 11, 2014.  The expense is described as "1/6 of $72.00."  The Court could surmise that this is part of the CourtCall fee for Mr. White's telephone appearance on December 11, 2014.  Perhaps counsel had six different cases scheduled for hearing that day and received a bill of $72.00 from CourtCall.  But, JPWA separately seeks reimbursement for $30.00 for CourtCall on December 11, 2014.  Thus, it appears that these expenses are duplicative.  The $30.00 charge is disallowed.

**C.     Conclusion**

Reviewing and approving fee applications requires some degree of second-guessing.  There is simply no way around that.  Here, the Court does not question the necessity or

reasonableness of what Mr. White and his paralegal did in this case. However, the combination of Mr. White's relatively high hourly rate (at least compared to most chapter 13 practitioners in this District), his decision to perform certain tasks (rather than delegating them to a paralegal or a legal assistant), and his billing practices yields a requested fee that is unreasonable given the nature of the work performed. *See* 11 U.S.C. §§ 330(a)(3)(D), (F). Even when JPWA's total bill in this case is reduced to account for the examples of the unreasonable fees and expenses listed above, the remaining request for fees and expenses still exceeds an amount that is reasonable. *Cf.* Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 71 (1st Cir. 2012) ("There is no requirement that a bankruptcy court, in explaining a fee award, be precise to the point of pedantry. Instead, the explanation need only be sufficiently detailed to allow a reviewing court to ascertain the trial court's thought processes and glean the basis for its award.").

The Court has carefully considered the supplemental fee application, the trustee's objection, and the docket in the case. Based on the factors set forth in 11 U.S.C. § 330(a)(3), the Court allows compensation in the amount of $19,429.40 and reimbursement of expenses in the amount of $570.60 for a total award of $20,000.00. To the extent that JPWA has requested any additional compensation or reimbursement in this case, that request is disallowed.

Dated: August 9, 2018

Michael A. Fagone
United States Bankruptcy Judge
District of Maine